UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **In re:  MELISA NICOLE CARRION,** | : | Case No. 20-53947 |
| | : | Adversary Proceeding No. |
| | : | Chapter 13 |
| Plaintiff. | : | Judge C. Kathryn Preston |

**Melisa Nicole Carrion**
11023 Riverwind Drive
Powell, OH 43065-7512
    Plaintiff.

**vs.**

**Bridgecrest**
PO Box 29018
Phoenix, AZ 85038
    Defendant.

## COMPLAINT OF DEBTOR MELISA NICOLE CARRION
## TO VOID AND RECOVER PREFERENTIAL TRANSFER

Now comes the Plaintiff, Debtor MELISA NICOLE CARRION, by and through the undersigned counsel, and for her complaint against the Defendant, makes the following averments:

1. That jurisdiction over this adversary proceeding is proper pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, and the General Order of Reference entered in this District;

2. That venue over this adversary proceeding is proper pursuant to 28 U.S.C. §1409;

3. That this adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (F) and (H);

4. That Debtor MELISA NICOLE CARRION filed her Chapter 13 bankruptcy petition on 19 August 2020;

5. That at the time of the filing of her bankruptcy petition, Debtor MELISA NICOLE CARRION owned a 2018 Ford Mustang ("motor vehicle");

6. That the motor vehicle constitutes property of the bankruptcy estate pursuant to 11 U.S.C. § 541;

7. That the Debtor purchased and took possession of the motor vehicle on 18 April 2020;

8. That the Debtor purchased the 2018 Ford Mustang from CARVANA, LLC, for a purchase price of $20,580.05 (a copy of the Bill of Sale is attached hereto);

9. That Defendant BRIDGECREST claims a security interest in the Motor Vehicle;

10. That the lien of Defendant was noted on the Certificate of Title on 18 June 2020 (a copy of the applicable Certificate of Title is attached hereto);

11. That the notation of Defendant's lien upon the Certificate of Title to the motor vehicle constitutes the transfer of an interest of the Debtor in property;

12. That the notation of Defendant's lien upon the Certificate of Title to the motor vehicle constitutes a transfer to or for the benefit of Defendant, a creditor of the Debtor;

13. That the notation of Defendant's lien upon the Certificate of Title to the motor vehicle constitutes a transfer for or on account of an antecedent debt owed by the Debtor before such transfer was made;

14. That the notation of Defendant's lien upon the Certificate of Title to the motor vehicle was made while the Debtor was insolvent;

15. That the notation of Defendant's lien upon the Certificate of Title to the motor vehicle constitutes a transfer made on or within ninety (90) days before the date of the filing of the bankruptcy petition;

16. That the notation of Defendant's lien upon the Certificate of Title to the motor vehicle constitutes a transfer that enables the Defendant to receive more than it would receive if this case were filed as a case under Chapter 7 of the Bankruptcy Code, the transfer had not been made and Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code;

17. That the notation of Defendant's lien upon the Certificate of Title to the motor vehicle constitutes a preferential transfer voidable pursuant to 11 U.S.C. §547;

18. That pursuant to 11 U.S.C. §550, Plaintiff may recover the transfer, or its value, from the Defendant; and,

19. That pursuant to 11 U.S.C. §551, the lien of Defendant, once voided, is preserved for the benefit of the bankruptcy estate.

WHEREFORE, for the reasons expressed in this Complaint, Plaintiff MELISA NICOLE CARRION demands judgment against Defendant BRIDGECREST, granting the following relief:

A. For an order finding that the notation of Defendant's lien upon the Certificate of Title to the motor vehicle constitutes a preferential transfer voidable by pursuant to 11 U.S.C. §547 and voiding the transfer;

B. For an order directing the recovery of the transfer from Defendant pursuant to 11 U.S.C. §550;

C. For an order preserving Defendant's lien for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §551;

D. For an order determining that the claim of BRIDGECREST shall be allowed and classified as an unsecured claim in the Chapter 13 proceeding; and,

E. For an order granting the Plaintiff such other relief as this Court deems appropriate and equitable, or as may be necessary to implement or grant any relief expressly requested or proven at trial of this adversary proceeding.

Respectfully submitted,

*/s/ Mark Albert Herder*
Mark Albert Herder (0061503)
Attorney for the Debtor
MARK ALBERT HERDER, LLC
1031 East Broad Street
Columbus, Ohio 43205
Tel. 614.444.5290
Fax 614.444.4446
markalbertherder@yahoo.com